Dawson and Campbell v. Holt.

12L  27
16L 637

DAWSON AND CAMPBELL v. L. B. HOLT.

PLEADINGS AND PRACTICE.  *Sureties on prosecution bond.  Costs.*  A surety for the prosecution of a suit at law, after the recovery of judgment in that court, cannot, upon a reversal by this court on appeal, be charged with the costs of this court adjudged against his principal, but may with the costs of the court below.

FROM COCKE.

Appeal in error from the Circuit Court of Cocke county.   J. G. ROSE, J.

PICKLE & TURNER and W. S. MCSWEEN for Dawson.

H. H. INGERSOLL and W. W. LANGHORN for Holt.

COOPER, J., delivered the opinion of the court.

Action of libel by Holt against Dawson and Campbell, in which judgment was rendered by the circuit judge in favor of the plaintiff against the defendants. Upon appeal by the latter, the judgment was reversed

as to Campbell, and judgment rendered in his favor for his costs of the suit against Holt. The question submitted to us is whether this judgment for costs shall also be rendered against Holt's surety for the prosecution of the suit.

The prosecution bond is conditioned to be void if Holt "doth with effect prosecute an action of trespass on the case for libel this day commenced against the said defendants (naming them) in the circuit court, otherwise to pay and satisfy all costs and damages that may be awarded for failure." By the act of 1787, ch. 19, brought into the Code, sec. 3187, it was provided that no leading process should issue from any of the courts of the State without security being given by the party at whose instance the action is brought for the successful prosecution of his action, and in case of failure for the payment of all costs and damages which may be awarded against him. The statute was always construed to mean that the surety was not liable for costs beyond the judgment of the court in which the suit was instituted: *Hawkins* v. *Thornton,* 1 Yer., 146. And therefore if the suit was successfully prosecuted to judgment in that court the liability of the surety ceased: *Kennedy* v. *Jack,* 1 Yer., 82. So strictly was the liability of the surety construed, that if the suit was eventually prosecuted with success the surety was not liable for the costs of a non-suit suffered by his principal in the progress of the cause: *Colville* v. *McKinney,* 1 Yer., 448.

By the act of 1860, ch. 120, (Rev. Code, section 3196, *a, b, c*), in bonds for the prosecution of suits,

the security was required to undertake "to pay all costs that may be adjudged at any time against his principal," and it was provided that "no omission or neglect to insert the proper conditions in any such bonds shall vitiate or impair the validity of the same." Under this statute it was held in a chancery suit that the surety for the prosecution could be held liable upon appeal, for all the costs of the cause, although the liability of the surety was expressly limited by the bond to the costs of the chancery court, and although the case was successfully prosecuted to a decree in that court: *Ogg* v. *Leinart,* 1 Heis., 40. And the inclination was at first to give the same construction to a prosecution bond at law: *Burson* v. *Mahoney,* 6 Baxt., 304: *Clerk's Motions,* 12 Heis., 152. But the surety's liability was afterwards limited to costs adjudged against his principal by the court in which the suit was instituted: *Deaton* v. *Mulvaney,* 1 Lea, 73. And we have held at this term in a chancery case that a surety for the successful prosecution of an appeal could not be held liable for the costs of the proceedings in the chancery court: *Denton* v. *Woods,* 11 Lea, 505. And the practice of this court has never been in a law case to charge the surety for the prosecution, where the suit has been successfully prosecuted below, with the costs of this court adjudged against his principal. We think this is the better construction of the statute. But it is otherwise with the costs of the lower court where judgment final is rendered for such costs in this court, for the obvious reason that if the cause were sent back for the entry

State *v.* Burchfield.

of the proper judgment in that court, as might always be done in law cases, that court would rightfully give judgment against the surety. This court renders in those cases such judgment as the court below should have rendered.